FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ APR 29 2014 ★

BROOKLYN OFFICE

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

V14-2688

FEUERSTEIN, J.

| | |
|---|---|
| Dilenia Collado and Maria Collado, | Civil Action No.: _____ |
| Plaintiffs, | |
| v. | |
| GC Services, L.P.; and DOES 1-10, inclusive, | **COMPLAINT** |
| Defendants. | |

For this Complaint, the Plaintiffs, Dilenia Collado and Maria Collado, by undersigned counsel, states as follows:

## JURISDICTION

1.     This action arises out of the Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), and the invasions of the Plaintiffs' personal privacy by the Defendants and their agents in their illegal efforts to collect a consumer debt.

2.     Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4.     The Plaintiffs, Dilenia Collado and Maria Collado ("Dilenia" and "Maria" together the "Plaintiffs"), are adult individuals residing in Lindenhurst, New York, and are "consumers" as the term is defined by 15 U.S.C. § 1692a(3).

5.     Defendant GC Services, L.P. ("GC Services"), is a Texas business entity with an

address of 6330 Gulfton Street, Houston, Texas 77081, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6.     Does 1-10 (the "Collectors") are individual collectors employed by GC Services and whose identities are currently unknown to the Plaintiffs.  One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7.     GC Services at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

8.     An individual allegedly incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

9.     The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10.     The Debt was purchased, assigned or transferred to GC for collection, or GC was employed by the Creditor to collect the Debt.

11.     The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. GC Services Engages in Harassment and Abusive Tactics

12.     In or around October 2013, GC Services contacted Plaintiffs in an attempt to collect the Debt.

13.     GC Services called Plaintiffs' residential telephones in an attempt to reach "Kenya Collado" (the "Debtor").

14.     Plaintiffs individually told GC Services that they are not the Debtor and that the Debtor could not be reached at their residential telephone numbers.

2

15.     Additionally, Plaintiffs sent by certified mail written correspondence to GC Services requesting that it cease calling Plaintiffs' residential telephone numbers.

16.     However, GC Services continued to call Plaintiffs' residential telephones in an attempt to reach the Debtor.

**C. Plaintiffs Suffered Actual Damages**

17.     The Plaintiffs have suffered and continue to suffer actual damages as a result of the Defendants' unlawful conduct.

18.     As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiffs suffered and continue to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

19.     The Defendants' conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

**COUNT I**

**VIOLATIONS OF THE FDCPA - 15 U.S.C. § 1692, _et seq._**

20.     The Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

21.     The Defendants' conduct violated 15 U.S.C. § 1692b in that Defendants contacted third parties on more than one occasion in connection with the collection of a debt.

22.     The Defendants' conduct violated 15 U.S.C. § 1692c(c) in that Defendants contacted the Plaintiffs after having received written notification from the Plaintiffs to cease communication.

23.     The Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiffs in

connection with the collection of a debt.

24.     The Defendants' conduct violated 15 U.S.C. § 1692d(5) in that Defendants caused a phone to ring repeatedly and engaged the Plaintiffs in telephone conversations, with the intent to annoy and harass.

25.     The Defendants' conduct violated 15 U.S.C. § 1692f in that Defendants used unfair and unconscionable means to collect a debt.

26.     The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

27.     The Plaintiff is entitled to damages as a result of Defendants' violations.

## COUNT II

### VIOLATIONS OF NEW YORK GBL § 349
### ENGAGING IN UNLAWFUL DECEPTIVE PRACTICES AND ACTS

28.     The Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

29.     The acts, practices and conduct engaged in by the Defendants and complained of herein constitute "deceptive acts and practices" within the meaning of Article 22A of the General Business Law of the State of New York, NY GBL § 349.

30.     The Defendants willfully and knowingly engaged in conduct constituting deceptive acts and practices in violation of NY GBL§ 349.

31.     The Plaintiffs have suffered and continues to suffer actual damages as a result of the foregoing acts and practices, including damages associated with, among other things, humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment caused by the Defendants.

32.     By virtue of the foregoing, the Plaintiffs are entitled to recover actual damages,

4

trebled, together with reasonable attorneys' fees.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiffs respectfully pray that judgment be awarded in the

Plaintiffs' favor and against the Defendants as follows:

1. Against the named the Defendants, jointly and severally, awarding the Plaintiffs actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

2. Against each of the named the Defendants, awarding the Plaintiffs statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A);

3. Against the named the Defendants, jointly and severally, awarding the Plaintiffs actual damages, trebled, pursuant to NY GBL § 349;

4. Against the named the Defendants, jointly and severally, awarding the Plaintiffs recovery of the costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3);

5. Against the named the Defendants, jointly and severally, awarding the Plaintiffs punitive damages in such amount as is found appropriate; and

6. Granting the Plaintiffs such other and further relief as may be just and proper.

## TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated: April 24, 2014

Respectfully submitted,

By:

Sergei Lemberg (SL 6331)
LEMBERG LAW L.L.C.
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile:  (203) 653-3424

Attorneys for Plaintiffs